# Exhibit F

# URSILLO, TEITZ & RITCH, LTD.
## Counsellors At Law

Two Williams Street
(at South Main Street)
Providence, Rhode Island 02903-2918

Michael A. Ursillo*
Andrew M. Teitz, AICP*‡
Scott A. Ritch* ‡

Nancy E. Letendre, AICP* ‡ †
Christina M. Senno* ‡
Troy L. Costa ‡
Admitted in RI*, MA‡, CT†

Tel (401) 331-2222
Fax (401) 751-5257
mikeursillo@utrlaw.com

November 21, 2013

Matthew Louis Fabisch, Esq.
Fabisch Law
875 Centerville Road – Bldg. 1 - Suite 9
Warwick, RI 02886

Re: Jarren Gendreau v. Josue D. Canario
SU 13-0055

Dear Attorney Fabisch:

It is unclear as to whether you ever received a copy of Chief Canario's October 16, 2013 letter to your client in compliance with the Order of the Rhode Island Supreme Court. Consequently, I am enclosing a copy for your information.

Yours sincerely,

URSILLO, TEITZ & RITCH, LTD.

Michael A. Ursillo

MAU/gb
Enclosure

cc: Josue D. Canario, Bristol Chief of Police

S:\Bristol\Litigation\Gendreau, Appeal to Supreme Court\Fabisch ltr 11-21-13.wpd



# Bristol Police Department

395 METACOM AVENUE ❖ BRISTOL, RHODE ISLAND 02809
TELEPHONE (401) 253-6900

COPY

JOSUE D. CANARIO
Chief of Police

October 16, 2013

Mr. Jarren R. Gendreau
627 Wood Street, Apt. 2
Bristol, RI   02809

Dear Mr. Gendreau:

As you are aware, the Rhode Island Supreme Court has issued an order directing me to issue a new decision on your application to set forth the findings and conclusions upon which my decision is based in accordance with R.I.G.L. §11-47-11 (a).

That statute reads, in pertinent part, "[t]he licensing authorities of any city or town shall… issue a license or permit … if it appears that [an] applicant has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed …"

Relying on that language, my decision to deny your application for a concealed gun permit is based upon the following:

1. In reviewing the transcript of the hearing before the review board, although you testified that you collect multiple firearms and that they are "worth money" and "they have value and, of course, you don't want them falling into the wrong hands" there was never any convincing testimony as to you having "good reason to fear an injury to 'your' person or property." *Trans. at pp. 1-2.*  You did not testify that you were ever threatened by any individual or that you were ever in a situation where you believed that someone would attempt to take your guns or injure you in order to obtain them.  Although you testified that "I like to protect myself when purchasing new firearms and transporting these high value items to a bona fide shooting range" *(Trans. at p. 3),* there is no indication that you were in fear of injury simply because you own firearms and you transport these firearms. You simply re-stated the language of the statute near the conclusion of your testimony when you stated that you did not have to show "need" and that "I think it's fair to say I [have] reason to believe that during such activities I run the risk [of] great bodily harm …" *Trans. at p. 8.*  Your testimony does not allow me to find that you had "good reason" to fear such an injury.

2. The statute provides a second reason for granting a permit which is "any other proper reason for carrying a pistol or a revolver." You indicated that you were seeking employment in Massachusetts that would require you to obtain a concealed weapon. *Trans. at pp. 7-8.* However, you were asked to produce a letter from an employer requiring you to hold such a permit if, in fact, you obtain such employment.

   You stated that at the present time, your job does not require you to carry a firearm because it is an "unarmed" position. You then go on to indicate that you are "building all this for my resume, so when an armed position opens up, I'll be prepared." *Trans. at p. 6.* You were then asked whether or not there were armed positions at General Dynamics in Taunton, where you are working, and you indicated that not at that location "but it's top secret security clearance, like it's a secured facility. So like I said, it's just building my resume." *Trans. at p. 7.*

   There is nothing before me to indicate that you actually obtained a job in the Commonwealth of Massachusetts and that as a condition of that employment, you must have a concealed weapon.

   Consequently, you have not satisfied the second prong of the statute to be entitled to a concealed weapon permit for "any other proper reason."

In the event that you do become employed in a job which requires a concealed weapon permit and proof of the same is provided to me, I will reconsider a new application at that time.

I have copied counsel with this letter so that it may be brought to the attention of court officials.

Sincerely,

Josue D. Canario
Chief of Police

cc: Michael A. Ursillo, Esq.
    Matthew L. Fabisch, Esq.