IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JARREN GENDREAU** : | |
| : | |
| vs. : | Case No:1:14-cv-00337 |
| : | |
| **TOWN OF BRISTOL and** : | |
| **JOSUE D. CANARIO,** : | |
| **In his capacity as Chief** : | |
| **of Police of** : | |
| **the Bristol Police Department** : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO AMEND

Plaintiff, Jarren Gendreau, Respectfully moves this Honorable Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an AMENDED COMPLAINT, a copy of which is attached hereto. The new proposed complaint maintains the allegations against the same defendants from the original complaint, but accounts for a significant legal development that has occurred since the original complaint was filed. On April 22, 2015, the Rhode Island Supreme Court issued its decision in *Gadomski v. Tavares*, No. 2014-72-M.P. (R.I. 2015).

In Gadomski the court was faced with another concealed carry permit denial by a police chief who had substituted his own "policy" for the language of R.I. Gen. Laws 1956 § 11-47-11. Specifically, the court noted that "the policy asserts that an applicant must demonstrate a proper showing of need and lists verbatim the same factors that are considered by the Attorney

General in assessing whether an applicant has made such a showing of need." Id. This, the court criticized as an "an inappropriate amalgamation of §§ 11-47-11 and 11-47-18" as "[d]emonstration of a proper showing of need, which is a requirement under § 11-47-18, is not a component of § 11-47-11." Moreover, the Gadomski court emphasized the licensing authority's obligation to consider the actual grounds asserted by an applicant for a permit including work and non-work related reasons. Thus, while Gendreau has always believed that Defendants' denial of his concealed carry permit was in violation of the requirements of § 11-47-11, Gadmonski represents the first case in which the Rhode Island Supreme Court has prohibited the use of local policies, like that employed in this case, that seek to reinterpret the mandatory language of § 11-47-11 to read like the discretionary language of § 11-47-18.

While Plaintiff continues to maintain, and such a position is only bolstered by a full reading of Gadomski, that adherence to the mandatory language and spirit of § 11-47-11 is of constitutional moment for Article I, § 22 of the Rhode Island Constitution, it is now undeniably clear, post Gadomski, that the denial of Gendreau's permit application resulted not only in a deprivation of his constitutional rights under both the state and federal constitutions, but also, regardless of the degree of

deference owed to the licensing authority, a violation of his statutory rights under § 11-47-11. Accordingly, Plaintiff now seeks leave of this Honorable Court to file an Amended Complaint making it clear that he seeks declaratory and injunctive relief not only on the grounds that Defendant's actions constituted a violation of his state and federal constitutional rights, but also of his rights to a fair adjudication pursuant to the terms of § 11-47-11.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings, and it instructs courts to "freely give leave" to amend. Fed.R.Civ.P. 15(a)(2). As the Supreme Court explained,

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51 (1st Cir.1998).

Here the amended complaint would seek to clarify the legal theories for this court's consideration by expressly pleading a state statutory claim, in addition to the previously specifically plead federal and state constitutional claims. The move to seek the addition of an express state statutory law

claim, under the Rhode Island Firearms Act, R.I. Gen. Laws 1956 § 11-47-11 seeking declaratory and injunctive relief comes in the wake of the Rhode Island Supreme Court's recent decision in *Gadomski v. Tavares*, No. 2014-72-M.P. (R.I. April 22, 2015). The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999). This principle accords with recent controlling First Circuit precedent as well. In *Klunder v. Brown University*, 778 F. 3d 24 (1st Cir. 2015) the First Circuit Court of Appeals, held that a trial judge did not abuse his discretion by allowing defendants, who had overlook a statute of limitations defense in their initial pleadings, to amend their answer more than two years after the complaint was filed, and a year after a first round of summary judgment motions had been filed. See also *Pruell v. Caritas Christi*, 678 F. 3d 10, 15 (1st Cir. 2010) (finding the district court had abused its discretion in denying plaintiff's second motion for leave to amend, more than a year after the complaint was filed, where the applicable precedents were "in a period of transition"). Plaintiffs have not unduly delayed in bringing this motion to amend. Plaintiffs' proposed amendment would merely clarify the claims upon which they rely

without significantly expanding or altering the scope of this action. Accordingly, this Honorable Court should "freely give" Plaintiff the leave to Amend he seeks.

                                            Petitioner,
                                            Jarren Ray Gendreau,
                                            By and through his Attorney,

                                            /s/Matthew L. Fabisch
                                            _____
                                            Matthew L. Fabisch (8017)
                                            FABISCH LAW, L.L.C.
                                            664 Pearl Street
                                            Brockton, MA 02301
                                            (Tel) 401-324-9344
                                            (Fax) 401-354-7883
                                            Email: Fabisch@Fabischlaw.com

CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this 19th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael A. Ursillo    mikeursillo@utrlaw.com, gwendolynbruno@utrlaw.com