**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JARREN GENDREAU : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No.: 1:14-cv-00337-M-LDA |
| : | |
| JOSUE D. CANARIO, : | |
| In his capacity as Chief of Police of : | |
| the Bristol Police Department; and the : | |
| Town of Bristol, Rhode Island. : | |
|     Defendants. : | |

**DEFENDANTS JOSUE D. CANARIO AND THE TOWN OF BRISTOL'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants Josue D. Canario, in his capacity as Chief of Police of the Bristol Police Department, and the Town of Bristol, a municipal corporation in the State of Rhode Island (collectively, "Bristol Defendants"), by and through their attorney, and in answer to the Plaintiff's Complaint respond as follows:

**THE PARTIES**

1. Bristol Defendants admit the allegations set forth in paragraph 1 of the Complaint.

2. Bristol Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3. Bristol Defendants admit the allegations set forth in paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Paragraph 4 states a conclusion of law, wherefore no responsive answer is required. Bristol Defendants deny that jurisdiction exists to the extent that Count I and Count II are precluded by Plaintiff Gendreau's previously filed litigation in the Rhode Island Supreme Court.

5. Paragraph 5 states a conclusion of law, wherefore no responsive answer is required.

6. Bristol Defendants deny the accuracy of the statement of law in paragraph 6, as the Second Amendment of the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

7. Bristol Defendants admit the allegation set forth in paragraph 7 that the Second Amendment is incorporated as against the states through the Fourteenth Amendment such that Defendants cannot deny the Plaintiff of his right to keep and bear arms within the meaning of the Second Amendment. Bristol Defendants deny any allegation in paragraph 7 that Defendants actually denied the Plaintiff or other referenced plaintiffs of such rights.

8. Bristol Defendants deny the allegation set forth in paragraph 8 that the Second Amendment guarantees the right of law-abiding individuals to "publicly" carry operational handguns for self-defense.

9. Bristol Defendants admit the allegations set forth in paragraph 9, but deny any implication that states' powers to regulate the carrying of handguns is limited to "specific, narrowly defined sensitive places," or that the states' powers to disqualify certain individuals from carrying handguns is limited to "specific, particularly dangerous individuals."

10. Bristol Defendants admit the allegations set forth in paragraph 10 that states may not "completely ban the carrying of handguns for self-defense" or "deprive individuals of the right to carry handguns in an arbitrary or capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment." Bristol Defendants deny that states may not "deny individuals the right to carry handguns in non-sensitive places."

11. Bristol Defendants are without knowledge or information sufficient to admit, deny or form a belief as to the truth of allegations set forth in paragraph 11, but leave Plaintiff to his proof thereof.

12. Bristol Defendants admit the accuracy of the statement of law set forth in paragraph 12.

13. Bristol Defendants admit the allegations set forth in paragraph 13 insofar as R.I.G.L. § 11-47-8(a) generally criminalizes the carrying of concealed firearms. Bristol Defendants deny the allegation set forth in paragraph 13 that Rhode Island provides "very few exceptions" to this general rule, as myriad exceptions may be found in the General Laws, e.g., §§ 11-47-8, -9, -9.1, -11, -18.

14. Bristol Defendants deny the allegations set forth in paragraph 14 to the extent that the text of §§ 11-47-11, -18, do not specify whether concealed pistols or revolvers may or may not be loaded.

15. Bristol Defendants admit the allegations set forth in paragraph 15 but further state that the requirements of §§ 11-47-15 and 11-47-16 apply identically to the licensing process under § 11-47-18.

16. Bristol Defendants deny the allegations set forth in paragraph 16 to the extent that the Attorney General may not simply issue permits at his discretion "upon a proper showing of need" but must also, as set forth in § 11-47-18, comply with other standards, such as an age restriction, and the provisions of §§ 11-47-12, 11-47-15.

17. Bristol Defendants admit the allegations set forth in paragraph 17.

18. Bristol Defendants deny the allegation set forth in paragraph 18 that "firearms law is the exclusive providence [sic] of the State" to the extent that the General Assembly has, as referenced in § 11-47-58, provided otherwise in the chapter. See, e.g., § 11-47-11.

19. Bristol Defendants are without knowledge or information sufficient to admit, deny or form a belief as to the truth of allegations set forth in paragraph 19, but leave Plaintiff to his proof thereof.

20. Bristol Defendants admit the allegations set forth in paragraph 20.

21. Bristol Defendants admit the allegations set forth in the body of paragraph 21. Bristol Defendants deny the allegations set forth in footnote 1 of paragraph 21, as said fee is not ultra vires.

22. Bristol Defendants admit the allegations set forth in paragraph 22 in regard to the Policy at the time of the Plaintiff's application.

23. Bristol Defendants admit the allegations set forth in paragraph 22 in regard to the Policy at the time of the Plaintiff's application.

24. Bristol Defendants admit the allegations set forth in paragraph 24 in regard to the Policy at the time of the Plaintiff's application.

25. Bristol Defendants admit the allegations set forth in paragraph 25 in regard to the Policy at the time of the Plaintiff's application.

26. Bristol Defendants admit the allegations set forth in paragraph 26 in regard to the Policy at the time of the Plaintiff's application.

27. Bristol Defendants admit the allegations set forth in paragraph 27.

28. Bristol Defendants admit the allegations set forth in paragraph 28.

29. Bristol Defendants admit the allegations set forth in paragraph 29.

30. Bristol Defendants deny the allegations set forth in paragraph 30, as the "hearing" is not subject to the Rhode Island Open Meeting Act § 42-46-1, et. seq.

31. Bristol Defendants admit the allegations set forth in paragraph 31.

32. Bristol Defendants admit the allegations set forth in paragraph 32 regarding the accuracy of the transcript.  Bristol Defendants deny the allegations set forth in paragraph 31 that "At no other time during the interview did anyone on the Board ever pose a question going to Gendreau's suitability," as many questions by Board members involved Gendreau's suitability.

33. Bristol Defendants deny the allegations set forth in paragraph 33.

34. Bristol Defendants deny the allegations set forth in paragraph 34 to the extent that self-defense, firearms collecting, and increased employment opportunities may not be sufficient purposes for a concealed carry permit pursuant to § 11-47-11(a).

35. Bristol Defendants admit the allegations set forth in paragraph 35.

36. Bristol Defendants admit the allegations set forth in paragraph 36.

37. Bristol Defendants admit the allegations set forth in paragraph 37.

38. Bristol Defendants admit the allegations set forth in paragraph 38.  Bristol Defendants further note that, in the paragraph in question, the Rhode Island Supreme Court stated that it "shall retain jurisdiction of this matter * * * ."

39. Bristol Defendants admit the allegations set forth in paragraph 39.

40. Bristol Defendants admit the allegations set forth in paragraph 40 insofar as the second decision was dated October 16, 2013 and indicated that it was sent to counsel for the Plaintiff.  However, counsel for the Plaintiff did not file with the Rhode Island Supreme Court within 30 days of October 16, 2013, nor within 30 days of November 21, 2013.  In fact, counsel for plaintiff has not filed with the Rhode Island Supreme Court as of the present date, long after the 30 days has expired by any measure.

## COUNT I – VIOLATION OF THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION

41. Bristol Defendants incorporate the foregoing paragraphs 1 – 40 as though fully set forth herein.

42. Bristol Defendants deny the allegations set forth in paragraph 42.

43. Bristol Defendants deny the allegations set forth in paragraph 43.

44. Bristol Defendants deny the allegations set forth in paragraph 44.

## COUNT II – VIOLATION OF ARTICLE 1 § 22 OF THE CONSTITUTION OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

45. Bristol Defendants incorporate the foregoing paragraphs 1 – 44 as though fully set forth herein.

46. Bristol Defendants deny the allegations set forth in paragraph 46.

47. Bristol Defendants deny the allegations set forth in paragraph 47.

48. Bristol Defendants deny the allegations set forth in paragraph 48.

## COUNT II [*sic*] [III] – VIOLATION OF ARTICLE 1 § 22 OF THE CONSTITUTION OF THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

49. Bristol Defendants incorporate the foregoing paragraphs 1 – 48 as though fully set forth herein.

50. Bristol Defendants deny the allegations set forth in paragraph 50.

51. Bristol Defendants deny the allegations set forth in paragraph 51.

52. Bristol Defendants deny the allegations set forth in paragraph 52.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint is barred from this Court's review as Plaintiff already brought this issue to the Rhode Island Supreme Court.

2. Plaintiff's Complaint is barred from this Court's review as the Rhode Island Supreme Court's Order specifically stated that "[the Rhode Island Supreme Court] shall retain jurisdiction of this matter, and the [Plaintiff], if aggrieved by the [Bristol Defendants'] decision, may invoke the [Rhode Island Supreme Court's] jurisdiction by filing an amended petition for writ of certiorari in this same docket within thirty (30) days of the issuance of the [Bristol Defendants'] decision."  See Rhode Island Supreme Court Order, entered on September 18, 2013 ("**Exhibit A**").

3. Plaintiff failed to exhaust remedies such as applying for a license with the office of the Rhode Island Attorney General.

4. Plaintiff failed to join a necessary party.

5. Bristol Defendants have immunity in this matter pursuant to § 11-47-11(a).

WHEREFORE, Defendants pray that the within Complaint be denied and dismissed, that Defendants be awarded all costs of suit and reasonable attorney's fees and such other and further relief as this Honorable Court deems just and proper.

        DEFENDANTS,
        By Their Attorney,

        /s/ Michael A. Ursillo
        Michael A. Ursillo, Esq. (2676)
        Bristol Town Solicitor
        **URSILLO, TEITZ & RITCH, LTD.**
        Two Williams Street
        Providence, RI 02903
        (Tel) 401-331-2222
        (Fax) 401-751-2427
        *Email:  mikeursillo@utrlaw.com*

## **CERTIFICATION**

I, the undersigned, hereby certify that on October 23, 2015, I caused a true copy of the within Answer to be filed electronically with the Court's CM/ECF system with copies electronically forwarded to all counsel of record.

      /s/ Michael A. Ursillo

*\\SERVER\Share\Bristol\Litigation\Gendreau, Appeal to Supreme Court\Gendreau, Federal District Court\Gendreau Answer to Amended Complaint 10-23-2015 [AS FILED].docx*