IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JARREN GENDREAU,
    Plaintiff

v.                                C.A. No.: 1:14-CV-00337-M-LDA

TOWN OF BRISTOL, et. al.,
    Defendants

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I. Introduction

Plaintiff has failed to follow the orders of this Court on several occasions. Following Plaintiff's most recent failure to comply with an order of this Court, Defendants now move for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

### II. Facts and Travel

Plaintiff has failed to comply with this Court's October 21, 2015 order, which stated in pertinent part: "Plaintiff's Motion for Summary Judgment shall be filed on or before 12/7/15." As of December 15, 2015, Plaintiff has yet to file his Motion for Summary Judgment. Discovery closed in this case on May 2, 2015. Had it not been for extensions granted by this Court, Plaintiff's Motion for Summary Judgment would have been due on June 1, 2015. Now, over six months later, Plaintiff has yet to file. Plaintiff has continued to delay this case, and has now done so in direct violation of an order of this Court.

### III. Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move

to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."

A dismissal is appropriate upon failure to comply with any order: "[o]rdinarily, dismissal should be employed as a sanction only when a plaintiff's misconduct is extreme. . . . However, disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Murphy v. Maine, 2007 U.S. Dist. LEXIS 64468, *12 (D.R.I. Aug. 1, 2007) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)). The Court also held that: "[t]his principle applies with undiminished force to scheduling orders." Id.

The Court recognized the importance managing its docket via scheduling orders. Id. "To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process-and a party's disregard of such orders robs them of their utility. For that reason, litigants have an unflagging duty to comply with clearly communicated case-management orders." Id. As a result of the importance of these orders, the Court held that "a litigant who ignores case-management deadlines does so at her peril." Id.

The Court in Murphy held a *pro se* plaintiff accountable for her non-compliance with scheduling orders by dismissing her action. Id. Here, Plaintiff is represented by counsel, and as such, should be held to an even higher standard of professionalism toward the orders of this Court.

**IV. Conclusion**

As a result of Plaintiff's failure to timely file his Motion for Summary Judgment, this Court should dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DEFENDANTS,
By Their Attorney,


/s/ Michael A. Ursillo
Michael A. Ursillo, Esq. (2676)
Bristol Town Solicitor
**URSILLO, TEITZ & RITCH, LTD.**
Two Williams Street
Providence, RI 02903
Tel: 401-331-2222
Fax: 401-751-2427
Email: mikeursillo@utrlaw.com

## **CERTIFICATION**

I, the undersigned, hereby certify that on December 16, 2015, I caused a true copy of the within motion to be filed electronically with the Court's CM/ECF system with copies electronically forwarded to all counsel of record.

                                                          /s/ Michael A. Ursillo

S:\Bristol\Litigation\Gendreau, Appeal to Supreme Court\Gendreau, Federal District Court\Motions\Memo in Support of Motion to Dismiss Rule 41(b) 12-16-15.docx