UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JARREN GENDREAU                                    :
                                                   :
       vs.                                        :        Case No. 1:14-cv-00337
                                                   :
JOSUE D. CANARIO,                                  :
In his capacity as Chief of Police of             :
the Bristol Police Department; and the            :
Town of Bristol, Rhode Island                     :
                                                   :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS

       Undoubtedly, "[c]onsiderable discretion is vested in a district judge to decide whether to impose sanctions and what form they should take a party does not comply with procedural rules. *See Media Duplication Servs., Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1238 (1st Cir.1991) ("Considerable discretion is vested in a district judge to decide whether to impose sanctions and what form they should take.") However, the First Circuit has explained that "dismissal with prejudice is a harsh sanction which runs counter to our strong policy favoring the disposition of cases on the merits." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990) (internal quotation marks and citation omitted); *accord Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10 (1st Cir.1991).

       Among the factors properly considered by the court are "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Robson v. Hallenbeck*, 81 F. 3d 1, 3 (1996). Here, Counsel for

1

plaintiff admits that he was delinquent in filing a Motion for Summary Judgment. However, in mitigation thereof, Counsel for Plaintiff proffers that on December 4, 2015, he was out of the office attending to his wife who had been two weeks overdue in her pregnancy and had given birth that morning and thereafter attending to his wife and newborn daughter. Simply put, given the medical stresses, Plaintiff's counsel lost track of the filing date. Upon returning to the office on December 15, 2015, Counsel placed a call to Counsel for Defendants intending to seek assent to file a motion to enlarge, but Counsel for the Defendants had left for the day (no message was left, but upon information and belief, the call is reflected in phone records.) Before Counsel for the Plaintiff could call on December 16, 2015 the instant Motion to Dismiss had been filed. Accordingly counsel for Plaintiff, who, in the interim, was also burdened with an extreme amount of make-up work from his absence from the office (counsel did try to complete as much work as possible from home), including an appellate brief owed to the Massachusetts Appeals Court in a court appointed matter, set out to file the delinquent Motion for Summary Judgment along with his Objection to the instant Motion to Dismiss. Both are filed concurrently.

Further contributing to the short delay in filing the Motion for Summary Judgment (admittedly, this factor contributed to the length of the delay but not the initial violation of the scheduling order) was the DC Circuit's decision in *Wrenn v. District of Columbia*, (D.C. Cir. Docket No.  No. 15-7057, Decided 12/15/2015) overturning on jurisdictional grounds a district court opinion invalidating a "good reason" standard in the District of Columbia's concealed carry permit ordinances and upon which plaintiff had relied in his brief. Accordingly, the delay is not a long one, and the Defendants have suffered no prejudice by it. In retrospect, Counsel realizes that he should have filed a timely motion to enlarge the time for filing as he had previously. However, in light of the lack of prejudice to the Defendants, mitigating factors outlined above, and the

2

recognician that dismissal is "a harsh sanction" which runs counter to the strong policy favoring

the disposition of cases on the merits, Counsel for Plaintiff respectfully pray that this court

exercise its considerable discretion to deny the Defendants Motion to Dismiss.

**Dated: 1/4/2015**                                  **Plaintiff, Jarren Ray Gendreau,**
                                                    **By and through his Attorney,**

                                                    **/s/Matthew L. Fabisch**
                                                    _____
                                                    **Matthew L. Fabisch (R.I. Fed. Bar # 8017)**
                                                    **664 Pearl Street**
                                                    **Brockton, MA 02301**
                                                    **(Tel) 401-324-9344**
                                                    **(Fax) 401-354-7883**
                                                    **Email: Fabisch@Fabischlaw.com**

## CERTIFICATION

I hereby certify that on this 4th day of January 2016, a copy of the within Objection to
Defendants Motion to Dismiss, and Memorandum of Points and Authorities in Support of
Plaintiff's Objection to Defendants Motion to Dismiss was caused to be sent electronically
through the CM/ECF system to the following:

Michael A. Ursillo, Esq.      mikeursillo@utrlaw.com, gwendolynbruno@utrlaw.com

/s/Matthew L. Fabisch
_____