## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JARREN GENDREAU, :<br>    Plaintiff :<br> :<br>v. :<br> :<br>TOWN OF BRISTOL, et. al., :<br>    Defendants : | C.A. No.: 1:14-CV-00337-M-LDA |

### DEFENDANTS' STATEMENT OF DISPUTED FACTS

Pursuant to LR Cv 56 (3), Defendants respectfully object to Plaintiff's Statement of Undisputed Facts as follows:

21. In ¶ 21, Plaintiff states that both of Chief Canario's denial letters failed to address several of Plaintiff's reasons for seeking a concealed carry permit, including "self-defense" and his "status as a firearms collector." Chief Canario did address both of these purported reasons in his second denial letter. The denial letter read in pertinent part:

> "In reviewing the transcript of the hearing before the review board, although you testified that you **collect multiple firearms** and that they are 'worth money' and 'they have value and, of course, you don't want them falling into the wrong hands' there was never any convincing testimony as to you having 'good reason to fear an injury to 'your' person or property.' *Trans. at pp. 1-2.* You did not testify that you were ever threatened by any individual or that you were ever in a situation where you believed that someone would attempt to take your guns or injure you in order to obtain them. Although you testified that '**I like to protect myself** when purchasing new firearms and transporting these high value items to a bona fide shooting range' *(Trans. at p. 3),* there is no indication that you were in fear of injury simply because you own firearms and you transport these firearms. You simply re-stated the language of the statute near the conclusion of your testimony when you stated that you did not have to show 'need' and that 'I think it's fair to say I [have] reason to believe that during such activities I run the risk [of] great bodily harm ...' *Trans. at p. 8.* Your testimony does not allow me to find

>that you had 'good reason' to fear such an injury." **Ex. F.** at 1 (emphasis added).

22. In ¶ 22, Plaintiff states that Chief Canario's second denial letter failed to address Plaintiff's desire to obtain a permit to secure greater employment opportunities. Chief Canario's second letter does, however, address this purported reason. The denial letter read in pertinent part:

   > "You indicated that you were seeking employment in Massachusetts that would require you to obtain a concealed weapon. *Trans. at pp. 7-8.* However, you were asked to produce a letter from an employer requiring you to hold such a permit if, in fact, you obtain such employment.
   >
   > You stated that at the present time, your job does not require you to carry a firearm because it is a "unarmed" position. You then go on to indicate that you are "building all this for my resume, so when an armed position opens up, I'll be prepared." *Trans. at p. 6.* You were then asked whether or not there were armed positions at General Dynamics in Taunton, where you are working, and you indicated that not at that location "but it's top secret security clearance, like it's a secured facility. So like I said, it's just building my resume." *Trans. at p. 7.*
   >
   > There is nothing before me to indicate that you actually obtained a job in the Commonwealth of Massachusetts and that as a condition of that employment, you must have a concealed weapon." **Ex. F.** at 2.

28. In ¶ 28, Plaintiff states that Chief Canario's second denial letter was not sent to counsel for the Plaintiff until November 21, 2013. This is incorrect. In addition to being sent to the Plaintiff directly, as was ordered by the Rhode Island Supreme Court, Plaintiff's counsel was concurrently mailed a copy of the decision. After not receiving any reply from Plaintiff's counsel, a second letter was dispatched with a copy of the denial letter attached. While Defendants' counsel cannot be certain of the day on which Plaintiff's counsel received or read Chief Canario's second denial letter, Defendants' counsel is certain of the date of mailing, which was October 16, 2013.

DEFENDANTS,
By and Through Their Attorney,

    /s/  Michael  A.  Ursillo
Michael A. Ursillo, Esq. (2676)
Bristol Town Solicitor
**URSILLO, TEITZ & RITCH, LTD.**
2 Williams Street
Providence, RI 02903
Tel: (401) 331-2222
Fax: (401) 751-2427
Email:  mikeursillo@utrlaw.com

## **CERTIFICATION**

I, the undersigned, hereby certify that on February 5, 2016, I caused a true copy of the within memorandum to be filed electronically with the Court's CM/ECF system with copies electronically forwarded to all counsel of record.

      /s/ Michael A. Ursillo

*\\SERVER\Share\Bristol\Litigation\Gendreau, Appeal to Supreme Court\Gendreau, Federal District Court\Summary Judgment\Statement of Disputed Facts 2-5-2015.docx*